```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

ARTHUR LUBIN,                     )
        Plaintiff,                )
                                  )
        v.                        )   C.A. No 12-12215-JLT
                                  )
STATE OF NEW HAMPSHIRE, et al.,   )
        Defendants.               )
```

                    MEMORANDUM AND ORDER

TAURO, D.J.

   For the reasons set forth below, plaintiff's motion to proceed in forma pauperis is allowed, and within 35 days of the date of this Memorandum and Order, plaintiff shall show cause why this action should not be dismissed, or in the alternative, he shall file an Amended Complaint curing the pleading deficiencies noted herein.  No summonses shall issue pending further Order of the Court.

                         BACKGROUND

   Arthur Lubin, a resident of Jamaica, New York, filed his self-prepared complaint accompanied by an Application to Proceed Without Prepayment of Fees.  Named as defendants are the State of New Hampshire and the City of Manchester, New Hampshire.  In the complaint, plaintiff alleges that he is a former resident of Manchester, New Hampshire.  He complains that he was subject to "discrimination" because he was "falsely arrested," "was refused "a hearing regarding tenants," had his property "towed from parking without good cause," and had his property "sold to pawn shops."  He contends that the Manchester District Court showed

significant bias towards him and that the court's decision affected bankruptcy and foreclosure process. He seeks "relief as the court deems just."

## DISCUSSION

I. The Motion to Proceed In Forma Pauperis

Based on the information contained in Lubin's Application to Proceed Without Prepayment of Fees, the Court finds that he is without funds to pay the $350 filing fee. The Court therefore grants the motion to proceed in forma pauperis.

II. Screening of the Complaint

When a plaintiff is permitted to proceed without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss complaints sua sponte if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 325 (1989) Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).

In conducting the preliminary screening, plaintiff's pro se pleadings are construed generously. See Hughes v. Rowe, 449 U.S.

5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).  However, even under a broad reading, plaintiff's complaint is subject to dismissal for the reasons set forth below.

    III. Plaintiff's Complaint is Subject to Dismissal

    Plaintiff does not provide a viable legal basis for this action.  Plaintiff complains that he has been subject to discrimination.  However, it is unclear whether the defendant is the State of New Hampshire, the City of Manchester or both.

    Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must plead more than a mere allegation that the defendant has harmed him [or her]. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Moreover, "[d]istrict courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments." Terrance v. Cuyahoga County, 2005 WL 2491531 at *1 (N.D. Ohio  2005) citing Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985); see also McDonald v. Hall, 610 F.2d 16, 19 (1st Cir.1979) (court

is not required to "conjure up unpled allegations," notwithstanding duty to be less stringent with pro se complaints). Such an exercise by the Court would " 'require ... [the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Terrance, 2005 WL 2491531, at *1, quoting Beaudett, 775 F.2d at 1278.

   Moreover, Rule 8(a) requires a plaintiff to include in the complaint, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In a civil rights action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why."  Educadores Puertorriquenos en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

   For a civil rights action to fall within the rubric of the federal civil rights statute, 42 U.S.C. § 1983, the plaintiff "must show that the alleged deprivation of [his] constitutional rights was committed by a person acting under color of state law." Rodrigues v. Furtado, 950 F.2d 805, 813 (1st Cir. 1991). such action must be "taken under color of any statute, ordinance, regulation, custom, or usage, or any State . . . ."  To the extent Lubin seeks to bring a civil rights action against the

State of New Hampshire, such a suit would be barred by the Eleventh Amendment to the United States Constitution.  See Rosie D. ex rel. John D. v. Swift, 310 F.3d 230, 234 (1st Cir. 2002) (the Eleventh Amendment generally bars suits in federal court against unconsenting states).  Although the City of Manchester could be subject to a civil rights lawsuit, to establish such a claim, the complaint must allege that the municipality had an unconstitutional policy or custom.  Monell v. New York Dep't of Soc. Services, 436 U.S. 658, 694 (1978).

    IV.  Order to Show Cause

In light of the above, Lubin's complaint is subject to dismissal in its entirety, pursuant to 28 U.S.C. § 1915(e)(2).  Accordingly, this action will be dismissed within 35 days of the date of this Memorandum and Order unless Lubin demonstrates good cause in writing why this action should not be dismissed, or files an amended complaint that remedies the pleading deficiencies of the original complaint.

Assuming Lubin files an amended complaint, it is likely that a substantial part of the events or omissions giving rise to the claims in the amended complaint would alleged to have occurred in New Hampshire.  The proper venue for civil rights claims is governed by the general venue statute, 28 U.S.C. § 1391.  Section 1391(b) provides that a civil law suit based on federal question jurisdiction may be brought only in:

>(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Plaintiff is advised that any amended complaint filed may be subject to transfer[1] to a district where venue is proper (i.e. the United States District Court for the District of New Hampshire). If Lubin elects to file an amended complaint, it must comport with the pleading requirements of the Federal Rules of Civil Procedure. If no amended complaint is filed, this case will be dismissed for the reasons stated above.

### CONCLUSION

Based on the foregoing it is hereby ORDERED that:

1. Plaintiff's Motion to Proceed in forma pauperis is allowed;

2. Within 35 days of the date of this Memorandum and Order, plaintiff shall show cause why this action should not be dismissed, or he shall file an Amended Complaint which cures the pleading deficiencies.

SO ORDERED.

| | |
|---|---|
| December 11, 2012 | /s/ Joseph L. Tauro |
| DATE | JOSEPH L. TAURO |
| | UNITED STATES DISTRICT JUDGE |

---

[1] Even where venue is proper, 28 U.S.C. § 1404(a) permits a district court to transfer a case to another district where it might have been brought when doing so would serve the convenience of the parties or the interests of justice.